Walter BROWN, Appellant

v.

WARDEN PIKE COUNTY CORREC-
TIONAL FACILITY; Sgt. Frawley;
E. Wenzel, Grievance Coordinator

No. 16-3685

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) July 21, 2017

(Opinion Filed: July 25, 2017)

Walter Brown, Pro Se

Before: AMBRO, KRAUSE and
NYGAARD, Circuit Judges

OPINION *

PER CURIAM

Walter Brown appeals, pro se and in
forma pauperis, the District Court's final
order dismissing with prejudice his com-
plaint. We will affirm.

Brown filed a complaint under 42 U.S.C.
§ 1983 in the Middle District of Pennsyl-
vania alleging that his due process and
First Amendment rights were violated
when Pike County Correctional Facility
(PCCF) Warden Craig A. Lowe, Sargeant
Frawley, and Grievance Coordinator E.
Wenzel improperly opened and withheld
his legal mail for several months, and with-
held his cell phone and cash. Specifically,

Brown alleged that upon being transferred
back to PCCF from another facility, he
was informed that a large amount of legal
mail was waiting for him from the past few
months, and it had been opened prior to
his receipt. Brown alleged that he was
thus prevented from responding to rele-
vant matters in his underlying state crimi-
nal proceedings and accordingly missed
deadlines and had his filings dismissed,
denied, or waived.

The Magistrate Judge screened the
complaint under 28 U.S.C. § 1915A, and
recommended that (1) the complaint be
dismissed with prejudice for failure to
state a claim upon which relief could be
granted, and (2) leave to amend be denied.
Over Brown's objections, the District
Court adopted the Magistrate Judge's rec-
ommendations and dismissed the com-
plaint with prejudice. Brown timely ap-
pealed.

We have jurisdiction under 28 U.S.C.
§ 1291, and review de novo the District
Court's sua sponte dismissal for failure to
state a claim. See Allah v. Seiverling, 229
F.3d 220, 223 (3d Cir. 2000). In doing so
we accept as true all factual allegations
and all reasonable inferences that can be
drawn therefrom. Id. We may affirm on
any basis supported by the record.
Tourscher v. McCullough, 184 F.3d 236,
240 (3d Cir.1999). Denial of leave to amend
is reviewed for abuse of discretion. Alvin v.
Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).

Brown alleged that his due process
rights were violated when Defendants
withheld his legal and personal mail and
confiscated his cell phone and cash. Depri-
vation of inmate property by prison offi-
cials—whether intentional or unintention-
al—does not violate the Due Process

---

* This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not

constitute binding precedent.

clause if adequate post-deprivation remedies exist. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Adequate post-deprivation remedies include prison grievance programs and state tort law. See id.; see also Tillman v. Lebanon Cty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000); Reynolds v. Wagner, 128 F.3d 166, 179-81 (3d Cir. 1997).

Here, a prison grievance program existed, and Brown utilized it. So an adequate post-deprivation remedy existed, and Brown's due process claim is not cognizable. See Hudson, 468 U.S. at 533, 104 S.Ct. 3194; Tillman, 221 F.3d at 422. Even if Brown amended his complaint to state that the internal prison grievance procedure is constitutionally inadequate, Pennsylvania's state tort law would provide an additional adequate remedy. See 42 Pa. Cons. Stat. § 8542(a); 8550. Thus, the District Court was within its discretion to deny leave to amend. See Alvin, 227 F.3d at 121.

Brown also alleged that Defendants violated his First Amendment right of access to the courts. Brown specifically alleged that Defendants did not timely deliver legal mail relating to an underlying state criminal suit, resulting in his motions and a petition in that suit being denied or dismissed; he also asserts that he "lost the opportunity to decide on any plea agreements." Where a prisoner asserts that defendants' actions have inhibited his opportunity to present a past legal claim, he must show (1) that he suffered actual injury—i.e., the chance to pursue a nonfrivolous or arguable underlying claim; and (2) that no remedy may be awarded as recompense for the lost claim other than in the present denial-of-access suit. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). Appointment of counsel is sufficient to provide prisoners with meaningful access to the courts. Peterkin v. Jeffes, 855 F.2d 1021, 1042 (3d Cir. 1988).

Here, Brown was represented by counsel in the underlying state suit during the relevant time period, and counsel filed motions and a brief in the matter during this time. Thus Brown had meaningful access to the courts. See Id. Brown (with the assistance of counsel) also pleaded guilty in the underlying state criminal case several months after receiving his mail. Brown never asserted that the withheld legal documents impaired his ability to enter a knowing and voluntary guilty plea several months after their return. Nor does he describe his alleged underlying claims with sufficient specificity to show anything beyond a "mere hope." See Monroe, 536 F.3d at 205-06. Thus, he has not shown any actual injury. Nothing in his brief compels a different conclusion, nor does anything in his brief show that the District Court abused its discretion in denying leave to amend.

For these reasons, we will affirm the District Court's judgment.